UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JACKSON LEWIS LLP
One North Broadway, Suite 1502
White Plains, New York 10601
Telephone: (914) 328-0404
Facsimile: (914) 328-1882
Attorneys of Record for Defendants
Anthony J. DiOrio (AD 3972)

-----------------------------------------------------------------x

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE 1199 SEIU GREATER NEW YORK BENEFIT FUND and BOARD OF THE 1199 SEIU GREATER NEW YORK EDUCATION FUND COOPERATION and CHARITABLE TRUST FUNDS, | : : : : : : | Case No.: 07-CV-3594(CM) |
| Plaintiffs, | : : | ANSWER TO PLAINTIFF'S |
| -against- | : | COMPLAINT |
| CENTRAL NEW JERSEY JEWISH HOME FOR THE AGED | : : : | |
| Defendant. | : | |

-----------------------------------------------------------------x

Defendant The Jewish Home and Healthcare Center, Inc. (formerly known as and sued herein as "Central New Jersey Jewish Home for Aged") (hereinafter "Defendant"), by and through its attorneys, Jackson, Lewis LLP, for its Answer to the Plaintiffs' Complaint herein states as follows:

## AS TO THE INTRODUCTION

Defendant denies each and every allegation set forth in the unnumbered Introduction, except admit that Plaintiffs purport this matter arises pursuant to 29 U.S.C. §1001, as amended by the Multi Employer Pension Plan Amendments Act of 1980 ("ERISA").

## AS TO JURISDICTION AND VENUE

1. Defendant denies each and every allegation set forth in Paragraph 1 of the Complaint, except admit that Plaintiffs purport to invoke this Court's jurisdiction pursuant to 28 U.S.C. §1332.

2. Defendant denies each and every allegation set forth in Paragraph 2 of the Complaint, except admit that Plaintiffs purport to properly lay venue in this Honorable Court pursuant to 29 U.S.C. §1132(e)(2).

## AS TO THE PARTIES

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant admits denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant denies each and every allegation set forth in Paragraph 8 of the Complaint.

### AS TO COUNT I
### (Defendant's Failure to Contribute
### To The Benefit Fund)

9. Defendant denies each and every allegation set forth in Paragraph 9 of the Complaint, except admits that Defendant entered into a collective bargaining agreement with the union at some time in 2004, and begs leave to refer to any documents for all the terms, covenants conditions and legal effects thereof.

10. Defendant can neither admit nor deny the contents of Paragraph 10 of the Complaint, as it fails to make factual averments against Defendant and merely speculates as to conclusions of law. Defendant begs leave to refer to any documents for all the terms, covenants conditions and legal effects thereof.

11. Defendant can neither admit nor deny the contents of Paragraph 11 of the Complaint, as it fails to make factual averments against Defendant and merely attempts to set forth what may or may not be stated in the contract in question. Defendant begs leave to refer to any documents for all the terms, covenants conditions and legal effects thereof. Defendant also objects to Paragraph 11's averment that contributions should not exceed 21% of gross payroll, as Defendant is entitled to "most favored nation" status, effectively limiting fund contributions to not more than 17.83% of gross payroll.

12. Defendant can neither admit nor deny the contents of Paragraph 12 of the Complaint, as it fails to make factual averments against Defendant and merely attempts to set forth what may or may not be stated in the contract in question. Defendant begs leave to refer to any documents for all the terms, covenants conditions and legal effects thereof.

13. Defendant can neither admit nor deny the contents of Paragraph 13 of the Complaint, as it fails to make factual averments against Defendant and merely attempts to set

forth what may or may not be stated in the contract in question. Defendant begs leave to refer to any documents for all the terms, covenants conditions and legal effects thereof.

14. Defendant denies each and every allegation set forth in Paragraph 14 of the Complaint, except admits that fund contributions for the month of February, 2007 may be due and owing.

15. Defendant denies each and every allegation set forth in Paragraph 15 of the Complaint.

16. Defendant denies each and every allegation set forth in Paragraph 16 of the Complaint.

17. Defendant can neither admit nor deny the contents of Paragraph 17 of the Complaint, as it fails to make factual averments against Defendant and merely attempts to set forth what Plaintiffs believe a particular statute states.

## AS TO COUNT II
### (Defendant's Failure to Contribute To The Education Fund)

18. Defendant repeats and re-alleges its responses to Paragraphs "1" through "17" of the Complaint as though fully set forth herein in response to Paragraph 18 of the Complaint.

19. Defendant can neither admit nor deny the contents of Paragraph 19 of the Complaint, as it fails to make factual averments against Defendant and merely attempts to set forth what may or may not be stated in the contract in question. Defendant begs leave to refer to any documents for all the terms, covenants conditions and legal effects thereof. However,

4

Defendant does admit that contributions to the Education Fund are to be paid at the rate of 0.5% of the gross monthly payroll.

20. Defendant can neither admit nor deny the contents of Paragraph 20 of the Complaint, as it fails to make factual averments against Defendant and merely attempts to set forth what may or may not be stated in the contract in question. Defendant begs leave to refer to any documents for all the terms, covenants conditions and legal effects thereof.

21. Defendant denies each and every allegation set forth in Paragraph 21 of the Complaint, except admits that Education Fund contributions for the month of February, 2007 may be due and owing.

22. Defendant denies each and every allegation set forth in Paragraph 22 of the Complaint.

23. Defendant can neither admit nor deny the contents of Paragraph 23 of the Complaint, as it fails to make factual averments against Defendant and merely attempts to set forth what Plaintiffs believe a particular statute states.

24. Defendant can neither admit nor deny the contents of Paragraph 24 of the Complaint, as it fails to make factual averments against Defendant and merely attempts to set forth what Plaintiffs believe a particular statute states.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed because it fails to state, in whole or in part, a cause of action upon which relief could be granted.

### THIRD AFFIRMATIVE DEFENSE

Defendant did not and does not have any bargaining unit employees from March 1, 2007 forward.

### FOURTH AFFIRMATIVE DEFENSE

As of March 1, 2007, Defendant lawfully became a predecessor of the nursing home business in question and accordingly has no obligation to make fund contributions.

### FIFTH AFFIRMATIVE DEFENSE

The contributions as presently demanded by Plaintiffs herein would be inconsistent with law.

**WHEREFORE**, Defendant respectfully requests that this Court:

a) Dismiss Plaintiffs' Complaint in its entirety and all claims for relief set forth therein, with prejudice;

b) Deny each and every demand for relief as set forth in Plaintiffs' Complaint;

c) Grant such other and further relief as this Court deems appropriate; and any and all other damages, together with interest, incurred by Defendant in defending against this action.

Respectfully submitted,

JACKSON LEWIS LLP
One North Broadway, Suite 1502
White Plains, New York 10601
(914) 328-0404

By: _____
Anthony J. DiOrio (AD 3972)

ATTORNEYS FOR DEFENDANT

Dated:   June 5, 2007
         White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BOARD OF TRUSTEES OF THE 1199 SEIU      :
GREATER NEW YORK BENEFIT FUND and       :
BOARD OF THE 1199 SEIU GREATER NEW      :
YORK EDUCATION FUND COOPERATION         : Case No.: 07-CV-3594(CM)
and CHARITABLE TRUST FUNDS,             :
                                        :
                           Plaintiffs,  :       CERTIFICATE OF
                                        :       SERVICE
            -against-                   :
CENTRAL NEW JERSEY JEWISH HOME FOR      :
THE AGED                                :
                                        :
                           Defendant.   :
-----------------------------------------------------------------x

The undersigned hereby certifies that Defendant's Answer to Plaintiff's Complaint has been filed electronically and that it is available for viewing and downloading from the ECF system, this 5th day of June, 2007.

_____
Anthony J. DiOrio