UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BOARD OF TRUSTEES OF THE 1199 SEIU GREATER NEW YORK
BENEFIT FUND AND BOARD OF TRUSTEES OF THE 1199 SEIU
GREATER NEW YORK EDUCATION FUND,

Case No. 07-CV-3594

                                                  Plaintiffs.

Judge Assigned:
McMahon, D.J.
Gorenstein, M.J.

     vs.

CENTRAL NEW JERSEY JEWISH HOME FOR THE AGED,

                                        Defendant.

---

### Consent Order and Settlement Agreement

Plaintiffs Boards of Trustees of the 1199 SEIU Greater New York Benefit and Education Funds (the "Funds") and Defendant Central New Jersey Jewish Home for the Aged ("Central New Jersey") hereby agree as follows:

1.  Central New Jersey shall pay $125,000 to the Funds within 48 hours of the Court's approval of this Consent Order and Settlement Agreement.

2.  The Funds' claims against Central New Jersey in this case shall be deemed settled and withdrawn with prejudice. The Funds acknowledge that the payment described in paragraph 1 covers all contributions due to the Funds through the date of this Consent Order and Settlement Agreement, inclusive of interest and fees.

3.  The Funds release and forever discharge Central New Jersey and all affiliated or related companies, subsidiaries, or divisions, and their owners, officers, directors, partners, agents, stockholders, and employees, both individually and in their official capacities, from any and all actions or causes of action, suits, debts, complaints, contracts, controversies,

1

agreements, promises, damages, judgments, demands and claims, whatsoever, in law or equity, of any and every kind, nature and character, known or unknown, including but not limited to any and all claims which arise in whole or in part or otherwise pertain to the obligation of Central New Jersey to contribute to the Funds, including but not limited to any claims arising under the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA").

4.    The Central New Jersey releases and forever discharges the Funds and all affiliated or related entities, subsidiaries, or divisions, and their principals, officers, directors, partners, agents, and employees, both individually and in their official capacities, from any and all actions or causes of action, suits, debts, complaints, contracts, controversies, agreements, promises, damages, judgments, demands and claims, whatsoever, in law or equity, of any and every kind, nature and character, known or unknown.

5.    Except for the payment described in paragraph 1, the parties shall bear their own costs in connection with this litigation.

6.    The undersigned, as counsel for their respective parties herein, hereby represent to this Honorable Court and to each other that each has full authority from their clients to bind their clients to this Consent Order and Settlement Agreement.

Dated: February 7, 2008

By: _____
    Lowell Peterson (LP 5405)
    *Attorney for Plaintiff*
    MEYER, SUOZZI, ENGLISH
    & KLEIN, P.C.
    1350 Broadway, Suite 501
    New York, New York 10018
    (212) 239-4999

2

By:

_____
Anthony J. DiOrio (AD 3972)
*Attorney for Defendant*
Jackson Lewis LLP
One North Broadway, Suite 1502
White Plains, New York 10601
(914) 328-0404

So ordered:

_____

3

92655